IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANISE MAURICE FORTUNE,

    **Movant,**

v.                                          **Case No.: 2:23-cv-00411**
                                                      **Case No.: 2:22-cr-00069**

UNITED STATES OF AMERICA,

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Danise M. Fortune filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 and a motion under Rule 60(b)(4), challenging his criminal conviction for lack of subject matter jurisdiction.[1] Pending before the Court are Fortune's § 2255 motion, (ECF Nos. 37, 38);[2] a motion to dismiss contained in the United States' Response, (ECF No. 45); and Fortune's "Motion Pursuant to De Nova [sic] Review." (ECF No. 50). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the United States' motion to dismiss, (ECF No. 45),

---

[1] These motions were filed separately in Case No. 2:23-cv-00411 and Case No. 2:23-cv-00412. They were consolidated, and Case No. 2:23-cv-00411 was designated the lead case. (ECF No. 43). These Proposed Findings and Recommendations address both motions and recommend dismissal of both cases.

[2] ECF Numbers come from the underling criminal case in this District, 2:22-cr-00069.

1

be **GRANTED;** Fortune's motion, (ECF Nos. 37, 38), be **DENIED**; Fortune's "Motion Pursuant to De Nova Review", (ECF No. 50), be **DENIED**, as moot; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court. Given that the undersigned conclusively **FINDS** Fortune is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United State*s, 423 F.2d 526, 529 (4th Cir. 1970).

## I. Relevant History

Fortune is a federal prisoner currently incarcerated in United States Penitentiary McCreary. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. Fortune is currently serving an 87-month sentence for distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 30 at 1). Fortune's federal criminal case was initiated in April 2022, when he was charged in a three-count indictment in this District. (ECF No. 1). Pursuant to an agreement with United States, Fortune pled guilty to the third charge—distribution of fentanyl—and the two other charges were dismissed. (ECF Nos. 27, 30). Fortune's judgment and sentence were imposed on November 9, 2022. (ECF No. 30 at 1).

On May 19, 2023, Fortune filed two motions challenging his federal conviction. (ECF Nos. 37 at 3, 38 at 5). Although Fortune titles his second motion as one under Rule 60(b), a motion attacking a federal prisoner's conviction or sentence amounts to a collateral attack pursuant to § 2255, while a motion seeking to remedy a defect in the collateral review process is a proper Rule 60(b) motion. *United States v. Winestock,* 340 F.3d 200, 207 (4th Cir. 2003) *abrogated in part on other grounds by McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). Fortune is attacking his criminal conviction, not the collateral review process currently underway. "Therefore, his Rule 60(b) motion is correctly considered as a motion pursuant to § 2255." *McRae,* 793 F.3d at 397 ("[A] Rule

2

60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. ... A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion ...") (citations and internal markings omitted).[3] Because the two motions are clearly connected, they have been joined and are addressed as one § 2255 motion. (ECF No. 43).

In his consolidated § 2255 motion, Fortune effectively argues that his federal criminal conviction is invalid because he was also being prosecuted in state court for the same crime. He states that there is "no statutory authorization for the federal government to removed [sic] a state criminal prosecution." (ECF No. 38 at 2). He claims the indictment and judgment are void, (ECF No. 38 at 3), and he asks the Court to issue a writ of habeas corpus *ad prosequendum* to return him to state custody to be prosecuted in state court. (ECF No. 37 at 2).

On July 31, 2023, Respondent filed a Response, arguing that Fortune's § 2255 motion should be dismissed. (ECF No. 45). Respondent attached a copy of an order from the Circuit Court of Kanawha County, dated February 27, 2023, dismissing the state's criminal case against Fortune. (ECF No. 45-1). First, Respondent argues that, because Fortune's state criminal case had already been dismissed before he filed the § 2255 motion, he could not be transferred to state custody for prosecution. (ECF No. 45 at 2–

---

[3] The undersigned does not consider the Rule 60(b) motion as an attempt by Fortune to directly challenge the final judgment of conviction, because such a challenge must be presented in a ***timely*** direct appeal to the Fourth Circuit. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). According to the Fourth Circuit, if the reason asserted for the Rule 60(b) motion "could have been addressed on appeal from the judgment", the motion will be denied "as merely an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing *Dowell*, 993 F.3d at 48).

3

3). Second, Respondent explains that Fortune's federal conviction remains valid regardless of the state court prosecution, because the dual sovereignty doctrine allows both the state and federal governments to prosecute a defendant for the same criminal activity. (*Id.* at 3–4).

On August 21, 2023, Fortune filed a Reply. (ECF No. 47 at 6). In his Reply, Fortune argues that the federal government lacked subject matter jurisdiction over his criminal case, because he was not on federal land, he did not cross state lines, he did not interfere with interstate commerce, and the Kanawha County Police were not acting as agents of the United States. (ECF No. 47 at 3–4). On January 7, 2024, Fortune filed a "Motion Pursuant to De Nova Review"; the motion contains no additional substance. (ECF No. 50).

## II.  Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may

authorize the parties to conduct discovery and direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a).

The decision of whether to conduct an evidentiary hearing is generally left to the sound discretion of the district court, although there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970); *see also United States v. Hall*, 771 F. App'x 226, 227 (4th Cir. 2019); *United States v. Velascu*, 429 F. App'x. 236, 237 (4th Cir. 2011). This is particularly true when "competing sworn statements offer differing factual allegations that relate primarily to purported occurrences outside of the courtroom and upon which the record could, therefore, cast no real light." *United States v. Underwood*, No. 20-6782, 2022 WL 186054, at *1, n.2 (4th Cir., Jan. 20, 2022) (quoting *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)). Nonetheless, the mere presence of conflicting affidavits does not automatically require an evidentiary hearing. When the motions, files, and records in the case conclusively show that the movant is not entitled to relief, the Court may deny the § 2255 motion without an evidentiary hearing. *Raines*, 423 F.2d at 529. Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### III.   Discussion

Fortune's § 2255 motion alleges that this Court lacked subject matter jurisdiction over his criminal case. In his initial motion, he claims the Court lacked jurisdiction

because there was a pending state prosecution for the same crime. (ECF No. 37 at 2). In his Reply, he argues there was no jurisdiction because his crime did not take place on federal land, he did not cross state lines, he did not interfere with interstate commerce, etc. (ECF No. 47 at 3–4). These new arguments raised for the first time in Reply could be dismissed on the basis that they were not included in his original motion and Respondent has not had an opportunity to respond. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 745 n.4 (S.D.W. Va. 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered."). However, because these other challenges to the Court's subject matter jurisdiction can easily be disposed of on the merits, the undersigned will address them alongside Fortune's original claim that the state prosecution somehow barred his federal prosecution.

Fortune implies that his federal prosecution was an improper appropriation of his state prosecution, claiming that the state prosecution was "removed" to federal court without his permission, violating the doctrine of comity. (ECF No. 38 at 3). This is incorrect. Fortune's federal criminal case began with a federal indictment, independent of his state criminal case. (ECF No. 1). Fortune was indicted on three counts of violating 21 U.S.C. § 841(a)(1), the federal law which prohibits the manufacture or distribution of controlled substances. (*Id.*). Although Fortune was being prosecuted for the same underlying conduct in state court, the West Virginia prosecution was enforcing West Virginia law, while the federal prosecution was enforcing federal law. A single defendant may be prosecuted by both the state and federal governments for the same act which violated both state and federal law: this is known as the dual sovereignty doctrine. *Gamble v. United States*, 587 U.S. 678, 681 (2019); *see Heath v. Alabama,* 474 U.S. 82, 88 (1985) ("[W]hen the same act transgresses the laws of two sovereigns, it cannot be truly averred

that the offender has been twice punished for the same offence; but only that by one act he has committed two offences.") (internal quotation marks omitted); *United States v. Lanza*, 260 U.S. 377, 382 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."). Fortune's federal prosecution did not interfere with or commandeer the state prosecution; rather, both the federal and state cases against Fortune arose and concluded independently of one another, enforcing federal and state law, respectively. This does not violate comity, state sovereignty, or the Double Jeopardy Clause. Thus, Fortune's state prosecution under West Virginia law did not bar his federal prosecution. Additionally, Respondent is correct that Fortune's request to be moved to state custody to be prosecuted there is meritless, as Fortune's state criminal charges were dismissed before he filed the instant § 2255 motion. (*See* ECF No. 45-1).

Fortune also argues that the federal government lacked jurisdiction over his crime, as it did not involve interstate commerce, he did not cross state lines, and he was not on federal property. (ECF No. 47 at 3–4). Fortune simply misunderstands federal criminal jurisdiction. This Court had jurisdiction over Fortune's prosecution, because the United States district courts have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. That includes the law Fortune was charged with violating, 21 U.S.C. § 841 (a)(1). Congress's power to enact 21 U.S.C. § 841 stems from the Commerce Clause: Article I, Section 8 of the Constitution permits Congress "to regulate commerce … among the several states." This phrase does not strictly limit Congress to regulating only interstate commerce. The Commerce Clause has been interpreted as empowering Congress to regulate, and thus, criminalize, classes of conduct which it rationally determines will *affect* interstate commerce. *See Perez v. United States*, 402 U.S.

7

146, 150 (1971). Congress may even regulate non-commercial, activity, if a rational basis exists to conclude that the activity, in the aggregate, would have a substantial effect on interstate commerce. *Gonzales v. Raich,* 545 U.S. 1, 17 (2005); *Wickard v. Filburn*, 317 U.S. 111 (1942). Because intrastate drug trafficking would, in the aggregate, have a substantial effect on interstate commerce, Congress also has the constitutional authority to criminalize drug trafficking which occurs only within the borders of a single state. *Raich*, 545 U.S. at 22. Thus, even if Fortune's drug crime took place entirely within the borders of West Virginia, it still fell within the scope of Congress's authority to regulate interstate commerce. *See United States v. Leshuk*, 65 F.3d 1105, 1111 (4th Cir. 1995) (rejecting defendant's Commerce Clause challenge to his conviction under 21 U.S.C. § 841(a)(1)). Accordingly, the undersigned **FINDS** Fortune's § 2255 motion should be dismissed as meritless.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that the United States' motion to dismiss, (ECF No. 45), be **GRANTED**; Fortune's § 2255 motions, (ECF Nos. 37, 38), be **DENIED**; Fortune's "Motion Pursuant to De Nova Review", (ECF No. 50), be **DENIED**, as moot; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail)

from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: May 23, 2024

Cheryl A. Eifert
United States Magistrate Judge